247 So.2d 912 (1971)
Barbara V. HIGHTOWER et al., Plaintiffs-Appellees,
v.
DIXIE AUTO INSURANCE COMPANY et al., Defendants-Appellants.
Violet Marguerite BARNES, Plaintiff-Appellee,
v.
DIXIE AUTO INSURANCE COMPANY et al., Defendants-Appellants.
Leo DAVIS and Leo Floyd Davis, Plaintiffs-Appellants,
v.
SIGNAL INSURANCE COMPANY et al., Defendants-Appellees.
Nos. 11600-11602.
Court of Appeal of Louisiana, Second Circuit.
April 27, 1971.
Rehearing Denied May 25, 1971.
*913 Mayer & Smith, by Alex F. Smith, Jr., Shreveport, John P. Godfrey, Many, for Dixie Auto Ins. Co., Leo Davis, and others.
Lunn, Irion, Switzer, Johnson & Salley, by Charles W. Salley, Shreveport, for Signal Ins. Co.
Peters, Ward, Johnson & Ward, by Hugh T. Ward, Shreveport, for Barbara V. Hightower.
*914 Johnston, Johnston & Thornton, by J. Bennett Johnston, Jr., Shreveport, for Violet Marguerite Barnes.
Donald E. Walter and D. H. Perkins, Jr., Shreveport, for intervenor-appellee No. 11600.
Before AYRES, BOLIN and PRICE, JJ.
En Banc Rehearing Denied May 25, 1971.
PRICE, Judge.
In these consolidated tort actions plaintiffs are seeking damages for personal injuries, medical expenses and costs of vehicular repairs resulting from a collision occurring on the Interstate 20 Bridge across Red River in Bossier Parish, Louisiana, on February 7, 1969.
The vehicles involved are a 1968 Ford Pickup Truck, owned by Violet Marguerite Barnes, being operated by her daughter, Barbara Virginia Hightower; a 1967 Chevrolet automobile owned by Leo Davis, being driven by his son, Leo Floyd Davis; and a 1966 Ford Coupe owned and operated by James Allen Cleveland.
At about 5:00 o'clock, P.M., on this date a collision occurred between the pickup truck driven by Mrs. Hightower and the Ford Coupe driven by Davis as these vehicles came upon the vehicle of Cleveland which had stopped in the righthand lane of the bridge crossing Red River because of a flat tire.
Davis, Mrs. Hightower and Mrs. Barnes, who was a guest passenger in the truck being driven by Mrs. Hightower, all received personal injuries as a result of the collision.
In Suit No. 11,600, Mrs. Hightower, joined by her husband, Robert Hightower, and Old Security Casualty Insurance Company, the collision insurer of the truck, brought suit against Leo Davis, as owner of the auto driven by his minor son, Leo Floyd Davis, and in his capacity as administrator of the estate of his son; Dixie Auto Insurance Company, the liability insurer of Davis; Leo Floyd Davis, individually; James A. Cleveland; and Signal Insurance Company, the liability insurer of Mrs. Barnes on the pickup truck.
It is alleged that the accident was caused by the joint and concurring negligence of Cleveland in stopping on the highway in violation of a prohibitory statute without adequate warning to following traffic, and of Leo Floyd Davis in driving too fast, being careless and reckless, following too closely, and failing to maintain a proper lookout. Damages for personal injuries to Mrs. Hightower in the amount of $25,000.00 are alleged, and medical expenses sought on behalf of her husband are in the amount of $4,952.30. Vehicular damages in the amount of $407.10 are sought by the collision insurer of the truck. The United State of America filed an intervention alleging its right to recover $1,219.90 for medical treatment afforded Mrs. Hightower under the provisions of 42 U.S.C. §§ 2651-2653. The Hightowers allege Cleveland was an uninsured motorist and the provisions of the liability policy issued by Signal to Mrs. Barnes afford coverage of $5,000.00 to Mrs. Hightower in the event Cleveland is found guilty of negligence which was a cause of the accident.
In Suit No. 11,601, Mrs. Violet Marguerite Barnes brought suit against the same defendants named in the action brought by the Hightower plaintiffs, seeking to recover $25,000.00 for personal injuries; $24,000.00 for past and future loss of wages; $5,000.00 medical expenses; and $50.00 for the deductible portion of automobile damages. Identical allegations of negligence were urged against Cleveland and Davis. As Mrs. Barnes was a guest passenger in her own automobile, she alternatively asked for judgment against her own liability insurer, Signal, in the event the court should find Mrs. Hightower guilty of negligence proximately causing the accident.
In Suit No. 11,602, Leo Floyd Davis brought suit against Mrs. Hightower; *915 Signal Insurance Company, the liability insurer of the truck being driven by her; James A. Cleveland; and Dixie Auto Insurance Company, liability insurer of the Davis automobile. Davis seeks damages for personal injuries in the sum of $50,000.00, loss of wages in the amount of $15,000.00, and medical expenses of $3,751.85. He was joined in the action by his father, Leo Davis, who seeks $50.00 damages to the automobile not covered by collision insurance.
Davis alleges Mrs. Hightower was negligent in driving at an excessive speed, not maintaining a proper lookout, losing control of her vehicle, and driving a truck with an overcrowded cab. He alleges concurring negligence on the part of Cleveland in blocking the highway in violation of a prohibitory statute without giving adequate warning. Davis, alleging Cleveland was uninsured, seeks judgment against Dixie under the uninsured motorist clause of the liability policy issued to his father on the vehicle he was driving.
Service of process was never perfected in any of these actions against James A. Cleveland. After issue was joined by all remaining defendants, the cases were consolidated by agreement of counsel for trial on the merits. In the answers filed to the Hightower and Davis petitions, all defendants plead the negligence of each of these drivers as a bar to their recovery.
The trial court rendered judgment for plaintiffs, Mr. and Mrs. Hightower and the United States of America in Suit No. 11,600, for the total sum of $13,617.47 against Dixie, Leo Davis, Leo Floyd Davis and Signal. Judgment was awarded in favor of Old Security Insurance Company against Dixie and Davis for $407.10.
The court rendered judgment in No. 11,601 in favor of Mrs. Barnes against Dixie, Signal, Leo Floyd Davis and Leo Davis, in solido, in the amount of $15,000.00, limiting the liabilities of Dixie and Signal to the sum of $5,000.00 each (policy limits).
In Suit No. 11,602, judgment was rendered in favor of all defendants rejecting the Davis plaintiffs' demands.
Suspensive appeals were perfected in No. 11,600 and 11,601 by Dixie and Signal. Leo Davis and Leo Floyd Davis have devolutively appealed from the judgment in No. 11,602.
The evidence presented on trial tending to establish fault in this accident consists of the testimony of the driver of the pickup truck, Mrs. Hightower; her passenger, Mrs. Barnes; Leo Floyd Davis (who will hereafter be referred to as Davis to distinguish him from Leo Davis); his guest passenger, Gordon Hayes; the investigating officer, J. R. Mothershed; and an auto damage estimator, L. Oglesby. An affidavit given by James A. Cleveland, who was a non-resident at the time of trial, was introduced on behalf of all parties with the stipulation that if he were present to testify his testimony would be in accord with his affidavit.
The version of the accident given in the testimony of Mrs. Hightower and Mrs. Barnes, which is identical in most respects, is substantially as follows:
Mrs. Hightower, accompanied by her three small children and her mother, Mrs. Barnes, was driving in the Barnes pickup truck easterly on Interstate 20, having entered same at the Hearne Avenue entrance in Shreveport. They traveled to a point near the apex of the bridge crossing Red River into Bossier Parish when they noticed some of the traffic ahead of them slowing. After cresting the bridge, while traveling in the center lane of the three lanes of traffic, they noticed in the extreme righthand lane a vehicle stopped with a flat tire. Almost simultaneously a vehicle identified as being driven by Daviswas proceeding at a rapid speed in the righthand lane slightly to the rear of their vehicle. As the Davis vehicle approached the stopped Cleveland automobile, it suddenly swerved to the left into the middle lane, striking the rear portion of the pickup *916 truck, causing it to skid sideways across the middle lane heading southeasterly, where it came to rest after again being struck by the Davis automobile. One variance in the testimony of these two witnesses relates to the point at which they noticed traffic slowing. Mrs. Hightower stated it was just before cresting the apex of the bridge incline, whereas Mrs. Barnes testified it was after their vehicle reached the top of the incline.
Davis and his passenger, Hayes, testified to an entirely different version from that of Mrs. Hightower and her mother. They contend they were traveling easterly in the righthand lane following the truck when it suddenly swerved back into the middle lane and at this point they, for the first time, sighted the stopped Cleveland automobile which had been blocked from their view by the pickup truck. They further testified that as Mrs. Hightower swerved her vehicle into the middle lane she lost control of it and the vehicle skidded into a sideways position, blocking the entire middle lane. Davis further contends that he never lost control of his vehicle, but did not have sufficient time to stop after realizing the Cleveland vehicle was immobile in his lane of travel. He pulled into the middle lane just as the pickup truck began skidding and blocked his path, with the collision as the inevitable result.
The testimony of Officer Mothershed fixes the point of collision in the center lane. At the point where this accident occurred, Interstate 20, as it crosses Red River, consists of three eastbound lanes with a bridge guard rail immediately adjacent to the south side of the righthand lane with no shoulder or neutral ground provided for stopping of vehicles. The affidavit executed by James A. Cleveland, presented in evidence by all parties in lieu of his testimony, discloses that he was crossing the I-20 bridge just prior to 5:00 o'clock in the afternoon on this date when the right rear tire of his automobile became flat. He stopped in the righthand lane of traffic as near to the guard rail as possible and proceeded to attempt to change the tire. He discovered that his automobile jack would not function properly and, realizing the traffic was becoming very heavy, decided to get back in his automobile to drive it off the bridge onto the Traffic Street exit some hundred or more yards down the Bossier side of the bridge incline. Just after getting into his car and starting to move off, he was hailed by an unknown person who informed him that a wreck had occurred and he should remain in the vicinity. Cleveland stated he did not see the accident, nor was he aware of its occurrence prior to this time. He further declared he did not have liability insurance in force on his own vehicle at the time of this accident.
The photographs and testimony of a body repair estimator, Oglesby of Red River Motor Company, depicted the damage to the pickup truck as extending from the right rear fender across the righthand door and cab of the truck. Other testimony discloses the damage to the Davis vehicle as being across the entire front portion of same. No damage was done to the rear of the truck.
The evidence established that the Cleveland car was stopped at a point just on the east descending side of the crest of the incline of I-20, and that the collision between the Hightower vehicle and the Davis automobile occurred a short distance to the west of this point.
The trial judge, in his written reasons for judgment, concluded that Cleveland was in violation of Louisiana Revised Statutes 32:141 and 32:143, subd. A(13), in leaving the vehicle parked on an interstate highway and in not affording sufficient warning to following motorists. The court also found the accident happened because of the joint and concurring negligence of Cleveland and Davis.
The trial judge reasoned the Davis vehicle caught the right rear side of the pickup truck, causing it to spin sideways *917 and to come to rest in the middle lane just beyond the Cleveland vehicle. He thusly explained the lack of damage to the rear bumper of the pickup truck.
Davis was found negligent under the doctrine that a following motorist is presumed guilty of fault in hitting the rear of a preceding vehicle. The presumption may be overcome by showing the driver of the preceding vehicle has been guilty of negligence in creating some emergency which would excuse the following driver, who used the best judgment under the circumstances.
In the various assignments of error leveled at the findings of the trial court, Davis and Dixie take issue with the conclusions that Davis was guilty of negligence and that Mrs. Hightower was free of negligence in this collision. Dixie and Signal assign as error the finding that the uninsured Cleveland vehicle was in violation of the prohibitory parking statute in that it was disabled by the flat tire and was thus not in contravention of the statute. They contend that even should the statute have been violated, which constitutes negligence per se on the part of Cleveland, this negligence was too remote to be the proximate cause of the accident. It is their position that Cleveland is free of causal negligence, thus relieving either of the liability insurers of any obligation under the uninsured motorist provisions of their respective policies.
Signal contends the award to the plaintiffs under the uninsured motorist provision of the policy is erroneous as this coverage is only afforded where there is no other available insurance; that in the instant case insurance in excess of the sum of $5,000.00 was available to Mrs. Hightower and Mrs. Barnes under the Dixie policy covering Davis. This issue becomes moot under the conclusion reached by this court in regard to the lack of negligence on the part of Davis in the accident.
The primary questions to be resolved on this review are the correctness of the trial court's finding of negligence on the part of Cleveland, and which, if either, of the other two drivers was guilty of any negligence which was a proximate cause of this accident.
We shall first consider the conduct of Cleveland in stopping his vehicle and attempting to change a flat tire on the interstate highway bridge just over the crest of an incline.
La.R.S. 32:141 provides as follows:
"141. Stopping, standing or parking outside business or residence districts
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence." *918 La.R.S. 32:143, subd. A(13) provides:
"143. Stopping, standing or parking prohibited in specified places
A. No person shall stand, or park a vehicle, except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or traffic control device, in any of the following places:
* * * * * *
(13) Upon any bridge or other elevated structure upon a highway or within a highway tunnel."
Under the provisions of the two above cited statutes, the conduct of Cleveland is negligence per se unless it can be shown that in view of the apparent emergency causing him to stop under such hazardous circumstances, he took reasonable precautions to protect following motorists from the hazard created, and that he used reasonable care in removing this hazard as soon as possible. The preponderance of the evidence shows that the automatic warning lights on Cleveland's vehicle were not in operation at the time of the accident. Although Cleveland stated in the affidavit filed in lieu of his testimony that the lights were turned on, this was refuted by the testimony of Mrs. Hightower, Mrs. Barnes, Davis and Hayes. The affidavit also shows Cleveland remained stopped an unreasonable length of time, considering the perilous position of his automobile at the peak traffic period of the day. Since his vehicle was operational, and the distance to the Traffic Street exit was relatively close, Cleveland owed a duty to other motorists to remove the automobile rather than to attempt to change the tire under the traffic conditions existing at 5:00 P.M. on this bridge.
Having found Cleveland was guilty of negligence, per se, in violation of the prohibitory statutes, we must evaulate his negligence along with the actions of the other two drivers to determine by whose fault this accident occurred.
The trial judge absolved Mrs. Hightower of negligence by attaching more credibility to her testimony and that of Mrs. Barnes than that of Davis and Hayes. He also found the physical evidence corroborated their testimony. From our review of the evidence in the record, we cannot say he committed manifest error in concluding Mrs. Hightower was not negligent.
The trial judge found the Cleveland vehicle was in such a position it could not be seen by approaching motorists until they were almost on it. The evidence in the record substantiates this finding of fact. We are of the opinion that this finding makes entirely reasonable the conclusion that Davis was faced with a sudden emergency. If he was not guilty of any conduct which contributed to the creation of the emergency, then any error of judgment under the circumstances is excusable. Odom v. Texas Farm Products Co., 229 So.2d 118 (La.App. 1969).
The evidence does not indicate Davis was traveling at an excessive speed. The legal speed limit on this bridge is sixty miles per hour. Although Mrs. Hightower testified she saw his vehicle in her rear view mirror prior to the collision and estimated that it was traveling at a high rate of speed, the physical damage and placement of the vehicles after the impact does not corroborate this estimate.
The jurisprudence holds that as long as a motorist on a highway is traveling within the legal speed limit, he is not required to slow his vehicle as he approaches an incline or curve or other natural obstacle which impairs his vision. Taylor v. Fidelity & Casualty Company of New York, 55 So.2d 307 (La.App. 1951). When Davis reached the point on the incline where he realized the Cleveland car was stopped, his alternatives were to collide with the rear end of the stopped vehicle, *919 turn to the right against the bridge railing, exposing himself to the danger of plunging into Red River, or swerving into the left lane.
Under these circumstances, we feel Davis, faced with an emergency, acted reasonably in swerving into the center lane with the possibility of avoiding impact with the stopped vehicle. Unfortunately, in this instance Mrs. Hightower's truck was in such close proximity that a collision occurred.
We think the trial judge was in error in not applying the sudden emergency doctrine under the evidence in this case, thus absolving Davis of any negligence contributing to the accident.
Accordingly, since this accident was legally caused by Cleveland, who was uninsured, the plaintiffs seeking damages for personal injuries in the cases consolidated herein, should have judgment under the uninsured motorist provisions of the policy affording coverage to each.
Although Signal, as the uninsured motorist carrier on Mrs. Hightower and Mrs. Barnes, contends the awards made for the personal injuries to each of these ladies was excessive, we do not believe there is any question that they are each entitled to the maximum limits under the policy, $5,000.00 for each person.
The trial judge awarded to Mrs. Hightower, her husband and the United States of America a total judgment of $13,617.47 against the defendants cast in solido. Of this amount the sum of $1,219.90 was due the United States for medical services furnished to Mrs. Hightower, a military dependent. Mrs. Hightower was rendered unconscious by the accident and was taken to Bossier General Hospital for emergency treatment. She received injuries to the nerves and ligaments of the cervical and lumbar regions. She was hospitalized from February 7th through February 21, 1969, and again for two weeks in November of 1969. She experienced headaches for an unusual length of time after the accident and it became necessary to perform a nerve block on one of the posterior nerves in the cervical area. We find the medical evidence sufficient to justify an award of the maximum provided for uninsured motorist coverage.
Mrs. Barnes was awarded $15,000.00 by the trial judge for her personal injuries, medical expenses and loss of wages. She received injuries to her back, neck and elbow, which were all related to the accident according to the medical testimony of Dr. R. L. Parkman and Dr. Harry Jones. Her injuries were diagnosed as a moderate to severe strain of the lumbar muscle and cervical ligaments, a strain of the bladder and a so-called "tennis elbow". She was not hospitalized immediately after the accident, but upon referral by Dr. Parkman, a general practitioner, to Dr. Jones, an orthopedist, she was subsequently hospitalized and surgery performed on her elbow. She continued to have back problems and was hospitalized on two more occasions for treatment of her back. Dr. Jones related all of this difficulty to injuries received in the accident. We find her injuries clearly entitle her to an award of the maximum of the uninsured motorist provisions of the policy covering her.
Davis suffered a lumbosacral sprain, a cervical sprain and a ruptured intervertebral disc in his low back area. He was required to undergo surgery for treatment of the ruptured disc. Medical expenses incurred prior to suit amounted to the sum of $2,751.85. The medical testimony assigns a permanent partial disability of fifteen percent of the body as a whole to this nineteen-year old youth. We think it clear that he is also entitled to the maximum provided by the uninsured motorist provision covering him.
Since we are allowing recovery to Mrs. Hightower solely under the provisions *920 of the uninsured motorist coverage of the policy of liability insurance issued by Signal (a contractual right), we are of the opinion it is improper to grant any judgment in favor of the United States of America. In the case of United States of America v. Allstate Insurance Company, 306 F.Supp. 1214 (N.D.Fla.1969), the court held the government's right to recovery under the uninsured motorist clause depends on the definition of insured under the policy in question. The definition of insured in this case is as follows:
"`Insured' means:
(a) The individual named in item 1 of the declarations, hereinafter called the `named insured', and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise; and
(b) Any other person while in or upon or entering into or alighting from the owned automobile."
This definition would not include the intervenor herein and we are constrained to deny recovery to it under this provision of the insurance contract.
For the foregoing reasons, in Suit No. 11,600 the judgment is amended as follows:
(1). The demands of the United States Government intervenor, are rejected as against all defendants.
(2). The demands of Old Security Insurance Company against all defendants are rejected.
(3). The judgment in favor of Barbara Virginia Hightower is hereby reduced to the sum of $5,000.00 and made effective against Signal Insurance Company only; all other demands of Barbara Hightower and Robert Hightower are hereby rejected.
In all other respects the judgment appealed from is affirmed.
Also for the foregoing reasons the judgment in Suit No. 11,061 is hereby amended to reduce the amount awarded to plaintiff, Violet Marguerite Barnes, to the sum of $5,000.00; said judgment shall be effective only against the Signal Insurance Company, and the demands against all other defendants are rejected. In all other respects the judgment appealed from is affirmed.
In Suit No. 11,602, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Leo Floyd Davis, and against the defendant, Dixie Auto Insurance Company, in the sum of $5,000.00, together with legal interest thereon until paid. The demands of plaintiff against the remaining defendants are rejected.
The expert witness fee of Dr. Harry F. Jones is hereby fixed at $100.00 and shall be taxed as costs in the proceeding.
All costs, including costs of this appeal, are assessed against Dixie Auto Insurance Company.
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.

ON APPLICATION FOR REHEARING IN NO. 11600.
PER CURIAM.
Intervenor, United States of America, in its application for rehearing complains that in ruling on its right to recover against the cast defendants for the reasonable value of medical services furnished Barbara V. Hightower, we did not discuss the effect of a joint stipulation filed in evidence and signed by all parties to the action which provides that should the defendants in this action be held liable for damages, then the United States Government should have judgment against the cast defendants for the sum of $1,219.90.
As we construe the stipulation referred to, it was intended by the parties to afford recovery to the government against those *921 defendants who were cast for tort liability only. This is in keeping with the provisions of the United States Code giving the government an independent right of recovery against any party causing injury to a member of the Armed Forces of the United States, or his dependent. It would not be reasonable that the parties would by stipulation grant the government any greater right than provided under the statute.
We have concluded the injuries were caused solely by the negligence of Cleveland and thus the government's right would be limited to this individual.
Rehearing is denied.