255 So.2d 363 (1971)
Edward L. LAYFIELD
v.
Louis R. ALTAZAN et al.
No. 8569.
Court of Appeal of Louisiana, First Circuit.
November 10, 1971.
William H. Cooper, Jr., of Franklin, Moore, Beychok & Cooper, Baton Rouge, for appellant.
Robert L. Kleinpeter, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is a suit by Edward L. Layfield and his wife, Ruth E. Layfield, for personal injuries suffered by Mrs. Layfield, and special damages arising therefrom. Defendants *364 are Louis R. Altazan and his liability insurer, Commercial Union Insurance Company. From an adverse judgment, the defendants have appealed.
Mrs. Layfield was injured in an automobile accident which happened on Florida Boulevard in Baton Rouge, Louisiana, on August 11, 1969. At the time of the accident, it was raining and the road was wet. Florida Boulevard is a four lane thoroughfare with two eastbound and two westbound lanes. Just before the accident, defendant's automobile, being operated by his minor son, Louis R. Altazan, Jr., was driving in the outside, eastbound lane of Florida. A second automobile, operated by Ivan C. Duvalle, was in the inside eastbound lane, just to the rear of Altazan. Mrs. Layfield was 30 or 40 feet to the rear of Duvalle, also in the inside lane, and moving at about the same rate of speed, which she estimated to be 20 to 30 miles per hour.
The accident happened when Altazan, suddenly and without signal, attempted to switch from the outside to the inside lane. Duvalle applied his brakes, but was unable to avoid striking the Altazan vehicle. Mrs. Layfield saw the collision and applied her brakes, but ran into the rear of the Duvalle vehicle.
Defendants concede the negligence of Altazan in suddenly switching lanes of traffic, but claim Mrs. Layfield to be guilty of contributory negligence in a number of respects. They allege that, considering the condition of the weather, the speed of the automobiles and the congestion of traffic, Mrs. Layfield was following too close. They further allege that she should have anticipated just such an emergency as occurred and that, had she been keeping a proper lookout, she would have been able to avoid the accident.
The general rule in such cases is that a following motorist must maintain a safe interval, so that in a sudden emergency, he can bring his vehicle to a stop without striking the car ahead. A following motorist who is involved in such an accident is presumed to be negligent, and bears the burden of proving his lack of fault. Malone v. Hartford Insurance Company, 239 So.2d 697 (La.App. 1 Cir. 1970).
It is also settled law that a following driver who shows that he was unable to avoid the collision because of a sudden emergency which could not have reasonably been anticipated has borne the burden of proof required of him. Taylor v. Genuine Parts Company, 192 So.2d 241 (La. App. 4 Cir. 1966).
In this case, we find that Altazan's maneuver was sudden and without warning, and that the Duvalle vehicle came to a precipitate halt because of the collision occasioned thereby. We find that the emergency created as a result of the collision was not one which could reasonably be anticipated by plaintiff. Considering the speed at which plaintiff was moving and the interval maintained by her, we cannot find that her conduct in these respects in any way contributed to the occurrence of the accident. The evidence does not bear out defendants' contention that Mrs. Layfield was not keeping a proper lookout. She saw the collision happen, and immediately applied her brakes. Because of traffic in the adjoining lane, there was nothing further she could do. We find that the sole proximate cause thereof was defendant's son's illegal maneuver in changing traffic lanes when it was not safe for him to do so. See Grinnel Mutual Reinsurance Company v. Rich, 251 So.2d 450 (La.App. 1 Cir. 1971).
The judgment appealed from is affirmed, at defendants' cost.
Affirmed.