MORIAL, Judge.
This is an appeal from a judgment of the district court holding defendant, Ryder Truck Lines, Inc., liable to plaintiff, Edward F. Mayeur, for the sum of $3,182.78 due to negligent operation of a motor vehicle owned by defendant.
On May 3, 1971 at approximately 11:00 A.M. plaintiff stopped for a traffic signal at the intersection of Monroe Street and Airline Highway in New Orleans. While at this intersection, plaintiff’s vehicle was struck by a truck which thereafter fled the scene.
At the trial, plaintiff testified he did not obtain the driver’s name or the truck’s license number. He described the truck though as being yellow with the name RY-D-E-R written on its side in large red letters. He did not recall anything else written on the truck.
The police officer who investigated the accident also testified at the trial. Although he did not witness the accident, he stated plaintiff told him the offending vehicle had “Ryder Truck Lines” and “4904 Jefferson Highway” written on its side. Based solely upon this testimony, the trial court rendered judgment for plaintiff. Defendant appeals. We affirm.
Defendant contends the trial court erred in finding that the truck was owned by Ryder Truck Lines, Inc. (Ryder) and also that even if it was owned by Ryder, the award of a judgment against it was erroneous.
Both of these contentions lack merit. Defendant’s allegation that plaintiff only identified the vehicle as a “Ryder” truck and that it could have been a “Ryder Truck Rental” truck (an entirely separate entity from Ryder Truck Lines, Inc.) is unsupported by the record. The trial judge concluded that although plaintiff may have forgotten some details, the unre-butted testimony of the police officer in conjunction with plaintiff’s testimony sufficiently established the identity of the defendant by a preponderance of the evidence. We see no error in this conclusion.
Defendant alleges that assuming the offending vehicle was owned by Ryder, the negligence of a lessee-borrower of a vehicle cannot be imputed to the owner of the vehicle absent a showing of privity of contract or knowledge of incompetency of the driver. We accept this as a correct statement of the law. However, in this case there is not one iota of proof which tends to establish that the driver of defendant’s truck was a “lessee or borrower.” Without such a showing, a presumption arose that the driver was the defendant’s employee and that he was acting within the course and scope of his employment. Mayberry v. McDuffie, 135 So.2d 366 (La.App. 2 Cir., 1961). Since defendant did nothing to rebut this presumption, the trial court was eminently correct in holding defendant liable.
The judgment of the trial court is affirmed. Defendant is to pay all costs.

Affirmed.