EDWARDS, Judge.
These cases arise out of an accident involving three automobiles which occurred at the intersection of Florida Boulevard and North 19th Street in Baton Rouge, Louisiana on June 23, 1974. Carolyn Kirby, driver, and Jean Salemi, passenger, were proceeding west on Florida in the inside traffic lane. Cecil Button was following the Kirby vehicle in a station wagon. Two collisions occurred at the intersection: first, Ralph Palmer, who was approaching from the south on 19th Street, ran his vehicle into the left front fender of the Kirby vehicle; immediately thereafter, the Button vehicle rear-ended the Kirby vehicle, driving it diagonally across the intersection.
The Kirby and Salemi suits were consolidated for trial. The claims against Ralph Palmer and his insurer were compromised and those defendants were dismissed prior to trial. The claims against Button, individually, were also dismissed, leaving Button’s insurer, St. Paul Fire & Marine Insurance Company, as the sole defendant. The case was tried before a jury, and a verdict was returned in favor of the insurer, the jury finding Button free from negligence. This appeal followed.
Plaintiff-appellants contend that the trial court erred in its instructions to the jury and that the verdict of the jury was manifestly erroneous.
The instruction with which the appellants take issue concerns the applicability of the “sudden emergency” doctrine to the standard of care owed by the driver of a vehicle following another. The instruction proposed was as follows:
“. . . a following motorist is presumed guilty of fault in hitting the rear of a preceding vehicle. The presumption may be overcome by showing the driver of the preceding vehicle has been guilty of negligence in creating some emergency which would excuse the following driver, who used the best judgment under the circumstances.” (emphasis supplied) Hightower v. Dixie Auto Insurance Company, 247 So.2d 912, 917 (La.App. 2nd Cir. 1971).
In his instruction to the jury, the trial judge changed preceding vehicle to other vehicle. Appellant counsel complains that he was prejudiced when he argued to the jury because he had emphasized that, unless the jury could find Mrs. Kirby, the driver of the preceding vehicle, negligent in creating the emergency, the sudden emergency doctrine would not be available to Button.
That the instruction given was less helpful to appellants than the one proposed is very likely; however, the instruction given was a correct statement of the law. See Layfield v. Altazan, 255 So.2d 363 (La.App. 1st Cir. 1971). Clearly, the applicability of the “sudden emergency” doctrine in rear-end collisions is not limited to instances where only the preceding driver contributes to the creation of the emergency situation; it applies whenever the following driver is put in such a situation to the cause of which he has not negligently contributed. The language in Hightower, supra, was correct on the facts of the case since only two vehicles were involved. Where other factors are present, such as in Layfield, supra, and herein, they are relevant and applicable to the determination of fault.
Appellants next maintain that the jury’s finding Button free from negligence was manifestly erroneous. They rely heavily on the trial judge’s statement (in his written reasons for the denial of a new *1266 trial) that, in his opinion, Button was negligent in following too closely under the circumstances. However, the trial judge noted also that the jury thought otherwise and refused to grant a new trial.
The jury was charged by the trial judge with the law applicable to following motorists, LSA-R.S. 32:81(A):
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
It was for the jury, and not the judge, to determine whether Button’s actions were reasonable and prudent. The law does not say how many car lengths constitute a reasonable and prudent separation between a preceding and following vehicle. Such depends on the speed of the vehicle and the condition of the highway. Certainly this is a determination that a jury is well able to make.
The record discloses that the speed of the two vehicles was between 20 and 30 m. p. h., the highway was wet from rain, and the distance between the two vehicles was one to two car lengths. We are not prepared to say, as a matter of law, that this constituted a violation of LSA-R.S. 32:81(A).
Lastly, appellants claim error in the refusal of the trial court to allow the jury to see, during deliberation, a written statement Button had given during investigation of the accident. LSA-C.C.P. art. 1794 prohibits jurors from taking any written evidence with them when they retire to deliberate. Considering the fact that Button testified concerning the subject of the statement and considering that the policy underlying the prohibition of Article 1794 is to prevent undue weight being given depositions as against oral testimony, we conclude that the trial court was correct in refusing the jury access to the statement.
For the foregoing reasons, the decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.