BOUTALL, Judge.
This is a case involving a collision between an automobile attempting to make a left turn and its following vehicle.
Royce O. Cornelius, appellant, was driving an automobile rented from the Hertz Corporation, also an appellant herein, in an easterly direction on U.S. Highway 61 near LaPlace at the time the accident occurred. Wishing to stop for lunch, Cornelius spotted a restaurant on the opposite side of the four-lane highway. At this point the highway is divided by a grass covered median. Since he was travelling in the right hand lane, it was necessary to move into the left lane in order to make his left turn to reach the restaurant. Each side has a different view of the facts at this point, but it is clear that the Cornelius vehicle was struck by a truck driven by Henry Vicknair. Oliver Vicknair, a guest passenger in his son’s truck, was injured in the accident.
Oliver Vicknair filed against Cornelius and Hertz Corporation for damages for injuries sustained in the accident. Both defendants denied liability and filed a third party demand against Henry Vicknair and his insurer, United States Fidelity & Guaranty Company, seeking indemnity or, alternatively, contribution. Henry Vicknair and his insurer then reconvened against Cornelius and Hertz for property damage to the pick-up truck. The trial judge found in favor of Oliver Vicknair awarding damages in the amount of $16,516.80 plus interest and costs. He also rendered judgment in favor of Henry Vicknair and U.S.F & G in the amount of $386.72. It is from these holdings that appellants bring this appeal.
One of appellants’ contentions is that Hertz was merely the lessor of the automobile Cornelius was driving and that there is no basis upon which Hertz can be held’ liable. We agree. There is no evidence in the record of either privity of contract or knowledge by the lessor of incompetence of the driver. Absent these, the negligence of a lessee-borrower of a *362 vehicle cannot be imputed to the owner of the vehicle. Mayeur v. Ryder Truck Line, Inc., 325 So.2d 663 (La.App. 4th Cir. 1976); Turner v. Ewing, 220 So.2d 518 (La.App. 4th Cir. 1969). We therefore find that Hertz is in no way liable for either the personal injuries or the property damage.
Appellants next contend that the trial court erred in finding Cornelius negligent and in not finding negligence on the part of Henry Vicknair. Cornelius testified that before moving into the left lane adjacent to the median, he checked his rear view mirror and seeing no traffic in his immediate area, he moved into the left lane with his blinker light on. He stated that he began this maneuver approximately 150 feet from the median opening and was at least 125 feet from the opening when the car was fully into the left lane. He further testified that the Vicknair truck collided with him as he was beginning the left turn and that he never saw the truck.
Henry Vicknair testified that he was within three car lengths of the Cornelius vehicle when that vehicle suddenly pulled into his lane. He stated that the Cornelius vehicle was not completely into the left lane when the collision occurred and that he was unable to stop although he applied his brakes immediately. He estimated his rate of speed at the rate of 35 miles per hour. (The limit is 40).
The testimony of the two investigating officers revealed that the Vicknair vehicle left skid marks measuring 93 feet to the point of impact, and that the Cornelius vehicle was propelled 57 feet by the force of the collision. The damage occurred on the left and center rear of the Cornelius vehicle and the left front and center of the truck. The car was spun around and pushed forward into the median by the collision.
Louisiana Revised Statute 32:81 places a duty upon the following motorist:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
In Jones v. Meinke, 357 So.2d 838 (La.App. 4th Cir. 1978) this court stated the following:
“* * * As the courts of this state have established, a presumption of negligence or a presumption of a breach of the standard of conduct imposed by the statute arises when a motorist strikes the rear of a preceding vehicle. The following motorist must then overcome the respective presumption.”
The following driver, however, may overcome the presumption by showing that the driver of the preceding vehicle was guilty of negligence in creating some emergency which would excuse the following driver who used his best judgment under the circumstances. Salemi v. St. Paul Fire & Marine Insurance Company, 339 So.2d 1264 (La.App. 1st Cir. 1976); Hightower v. Dixie Auto Insurance Company, 247 So.2d 912 (La.App. 2d Cir. 1971.)
Vehicles making turns or changing lanes also have a duty imposed by law. Revised Statute 32:104 reads in part:
“A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
“B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.”
* * * * * *
These statutory duties and jurisprudential rules reduce the question before us to one of fact. In such a factual determination, the appellate court is bound by the trial judge’s decision absent a determination that that decision is clearly wrong. *363 Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We agree with the trial judge that the negligence of the Cornelius vehicle has been established by the evidence.
In addition to the testimony of Henry and Oliver Vicknair, the deposition of an observer of the accident was- introduced. This witness, Daniel Alexander, observed the accident from a position in front of Airline Motors Restaurant directly across Highway 61 from the break in the median at which the accident occurred. He testified that the car was approximately 2 car lengths in front of the truck when it changed lanes and attempted a left turn causing the truck to slam on his brakes. We are convinced that Cornelius violated his statutory duty in that he changed lanes and attempted a left turn when it was not reasonably safe to do so. 4
The question of Henry Vicknair’s negligence is, however, more difficult. The trial judge found that Vicknair was free from negligence. The testimony of Vicknair that he was travelling at 35 miles per hour is uncontradicted since the observing witness stated that he could not say how fast the truck was travelling. The physical evidence, however, shows that the truck left skid marks measuring 93 feet and still had enough force to propel the car 57 feet after the collision. We are referred by appellant to the article printed in 14 Tulane Law Review 493 which contains a table of data on stopping distances originally published by General Motors Corporation Research Department. This table indicates that an automobile travelling at 40 miles per hour would need 62.7 feet of braking distance to stop under excellent conditions and 88.8 feet under average conditions.
This table was not, however, introduced into evidence at the trial. There was, therefore, no showing that the variable factors, such as grip between the tire treads in the road and efficiency of brakes, were such that in this case the table was accurate. In other words there was no showing of the applicability of the table under these circumstances. Absent such a showing, we cannot find that the trial judge’s holding that Vicknair was free from negligence was clearly wrong by relying on inconclusive physical evidence in preference to uncontra-dicted testimony. We therefore affirm this finding.
Appellants’ final contention is that the amount of damages awarded was clearly excessive. In addition to the medical expenses, the trial judge awarded $15,000 to Oliver Vicknair for pain and suffering of his head and neck. Appellant argues that this is excessive since Vicknair has had two back surgeries and constant arthritic problems. Appellant contends that these problems rather than the accident are the cause of the pain.
The evidence shows that objective signs in the neck had disappeared within 6 weeks of the accident, although Vicknair testified that he still had pain 20 months after the accident. The trial judge found Vicknair to be a credible witness and this fact, coupled with the testimony of Dr. Reyes, that he had found some loss of motion in the neck and back and that the arthritic condition was aggravated in the accident probably causing a further medical decline in the future, convinces us that the award was not an abuse of the trial court’s wide discretion in fixing damage awards. See Coco v. Winston, 341 So.2d 332 (La.1976).
The judgment of the trial court is reversed in holding the Hertz Corporation liable and affirmed in all other particulars. Cost of this appeal to be paid by the appellant, Royce O. Cornelius.

AFFIRMED IN PART, AND REVERSED IN PART.

SCHOTT, J., dissenting in part.