[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking to recover damages for personal injuries sustained as a result of the negligent operation of a motor vehicle by the individual defendant causing a collision with another vehicle in the State of Louisiana. The specifications of negligence contained in the complaint refer only to the manner in which the individual defendant operated his vehicle. Liability is claimed to exist on the part of National Car Rental Systems, Inc. (hereinafter "National") pursuant to the provisions of General Statutes 14-154a which provides as follows:
 "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
National has moved for a summary judgment asserting that the Connecticut statute quoted above does not apply to the incident alleged under the circumstances of this case and has filed affidavits in support of its position. The individual defendant has not filed any affidavits and accordingly, the court may rely upon the facts as stated by National. Fogarty v. Rashaw, 193 Conn. 422,444-445 (1984); Bartha v. Waterbury House Wrecking Co.,190 Conn. 5, 11-12 (1983). It appears in the file that the plaintiff and the individual defendant are residents of the state of Connecticut and National is incorporated under the laws of the state of Delaware. Prior to the accident, National rented a motor vehicle to the individual defendant at the New Orleans International Airport. All negotiations concerning the rental of the vehicle occurred in Louisiana and the rental agreement was CT Page 546 entered into in the State of Louisiana. The vehicle in question was owned by National and registered in the State of Louisiana, and National is self-insured in that state.
National claims that under Louisiana law a lessor of a motor vehicle has no liability for the lessee's negligent operation of the vehicle. See such cases as Dixie Drive It Yourself System v. American Beverage Co., 137 So.2d 298 (LA. 1962); Vicknair v. Olin, 371 So.2d 360 (LA. App. 1979); Mayeur v. Ryder Truck Line, Inc., 325 So.2d 663 (LA. App. 1976). The plaintiff does not contest the assertion that liability may not be imposed upon National under the law of the State of Louisiana but asserts that the law of that state is not applicable to the present case.
The issue of whether General Statutes 14-154a applies to contracts executed outside of this state in situations where the accident also occurs outside of this state, has not been decided by our Supreme Court or by our Appellate Court. See, Wallenta v. Avis Rent-A-Car System. Inc., 10 Conn. App. 201, 204 (1987).
The defendant National asserts that the contract of rental was made and performed in the State of Louisiana and therefore, the law of Louisiana applies to the present case. It is true that our Supreme Court has indicated, in the past, that an action under General Statutes 14-154a is a contract action and therefore liabilities arising under that contract depend upon the law of the place where the contract was made unless it is to be performed or have its beneficial operation and effect elsewhere. Graham v. Wilkins, 145 Conn. 34, 37, 39-40 (1958); Levy v. Daniels U-Drive Auto Renting Co., Inc., 108 Conn. 333, 338-339 (1928). However, our Supreme Court has criticized the characterization of a complaint framed in tort as a contract matter as "an evasive device" which undermines the predictability and the ease of application of an appropriate tort analysis. O'Connor v. O'Connor,201 Conn. 632, 647 (1986); See also, Wallenta v. Avis Rent-a-Car System Inc., supra, at 204 n. 5.
General Statutes 14-154a imposes tort liability upon the lessor in any contract or agreement for the renting of a motor vehicle and the complaint in the present action asserts tort and not contract liability. Therefore, the court believes it more appropriate to analyze the facts presented under a tort theory of recovery.
In O'Connor v. O'Connor, supra, our Supreme Court rejected the CT Page 547 application of the place of the injury rule to an accident which occurred in Quebec, when Connecticut residents were involved, where Quebec would not permit such an action. In O'Connor, supra, the court adopted the analysis of the choice of law provisions as set forth in the restatement of law and stated, at pp. 650-652:
 "Section 145 of the Restatement Second provides in subsection (1) that [t]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principals as stated in Section 6. Section 6 of the Restatement, in turn, provides (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state and choice of law. (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international system, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result and (g) ease in the determination and application of the law to be applied.'" (internal quotation marks omitted).
* * *
 "For assistance in our evaluation of the policy choices set out in 55, 145(1) and 6(2) we turn next to 145(2) of the Restatement which establishes the black-letter rules of priority to facilitate the application of the principals of Section 6 to tort cases. (Citations omitted). Section 145(2) provides: `Contacts to be taken into account in applying the principles of 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile residence, nationality, place of incorporation and place of business of the parties and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to the relevant importance with respect to the particular issue." (internal quotation marks omitted).
CT Page 548
The Connecticut statute was enacted "to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles, to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicle." Levy v. Daniels U-Drive Auto Renting Co., Inc., supra, at 336. The State of Louisiana has seen fit not to enact such a statute.
The primary basis for asserting that Connecticut has the most significant relationship is the fact that Connecticut residents were involved in the accident and the impact of the claimed injuries will most probably, although not necessarily, be felt in Connecticut. However, the injury occurred in the State of Louisiana; the conduct occurred in the State of Louisiana; the contract of the individual defendant and National was made and performed in the State of Louisiana; National is registered to do business in Louisiana; the rented vehicle was registered in Louisiana where National is self-insured. The State of Louisiana, therefore, has more than an incidental and fortuitous relationship to the matter to be adjudicated and, in the opinion of the court, has the most significant relationship to the occurrence and the parties. In the opinion of the court, the application of the Connecticut Statute to the facts of this case would require a party, such as National, to be exposed for damage liability in accordance with any jurisdiction in which the plaintiff resides. Such an application of Connecticut law would, in the opinion of the court, not provide protection for the justified expectations of the parties.
Therefore, the court rules that General Statutes 14-15a is not applicable to the facts presented in the present action and accordingly, the Motion for Summary Judgement is hereby granted.
RUSH, J.