ELLIS, Judge.
This is a suit by Kenneth Weber against Phoenix Assurance Company of New York and Sam J. Culotta, its insured, for damages arising out of an automobile accident. Judgment was rendered in favor of plaintiff, and defendants have appealed.
The accident happened at the intersection of Convention Street and North Tenth Street in Baton Rouge. Convention Street runs east and west, and on the east side of the intersection is a two lane, two way street. North Tenth Street runs north and south, and is a one way street, with two lanes for north bound traffic. Traffic at the intersection is controlled by a traffic light. There is a sign facing traffic on North Tenth Street which permits a right turn when the light is red.
Plaintiff was driving north on North Tenth Street, and defendant Culotta was heading west on Convention Street. A third automobile, heading west on Convention, was stopped for a red light at the intersection. As the parties approached the intersection, the light changed so that traffic on Convention Street was faced with a green light and traffic on North Tenth Street with a red light. Mr. Culotta, who was driving about forty miles per hour, pulled out to go around the car which was stopped for the light. Mr. Weber saw the light facing him change to red as he approached the corner. He did not stop, but began to make a right turn onto Convention Street. Both drivers applied their brakes, but were unable to avoid the collision which took place in the intersection four feet west of the east line of North Tenth Street, and four feet north of the south line of Convention Street. Mr. Cu-lotta left forty-four feet of skid marks, all in the eastbound lane of Convention Street. Mr. Weber’s front wheels left six feet of skid marks, which began two feet before he entered the intersection.
Defendant, in argument, conceded the negligence of Mr. Culotta in attempting to *754 pass within one hundred feet of an intersection in violation of R.S. 32:76(A) (2). However, he claims that plaintiff was contributorily negligent in failing to bring his vehicle to a stop before attempting the right turn.
R.S. 32:232(3) (a) provides as follows:
“(3) Steady RED alone, or STOP:
“(a) Vehicular traffic facing the signal shall stop before entering the cross walk on the near side of the intersection or, if none, then before entering the intersection, and shall remain standing until green or ‘Go’ is shown alone. The driver of a vehicle may turn against a steady red light where a sign indicates this is permissible, provided he has yielded the right of way to other vehicles and pedestrians, and can execute the turn safely.”
It seems obvious to us that had plaintiff brought his vehicle to a stop and looked to see if the way was clear, he would have seen Mr. Culotta begin his passing maneuver and could have avoided the accident. If either of the drivers in this case had fulfilled the duty placed on him by law, the accident would not have happened. We find that plaintiff’s failure to stop at the red light before turning right, and his failure to yield the right of way, was a proximate cause of the accident, and that his negligence in those respects prevents his recovery.
Plaintiff’s argument is based on the assumption that he stopped at the red light, that the way was then clear, and that defendant pulled out to pass after he had begun his right turn. The record does not support this position.
The judgment appealed from is reversed, and there will be judgment herein in favor of defendants Phoenix Assurance Company of New York and Sam J. Culotta, and against plaintiff Kenneth Weber, dismissing plaintiff’s suit at his cost.
Reversed and rendered.