273 So.2d 30 (1973)
Kenneth WEBER
v.
PHOENIX ASSURANCE COMPANY OF NEW YORK et al.
No. 52227.
Supreme Court of Louisiana.
January 15, 1973.
Rehearing Denied February 19, 1973.
*31 Weber & Weber, Richard W. Langford, Baton Rouge, for plaintiff-applicant.
Watson, Blanche, Wilson & Posner, David W. Robinson, Baton Rouge, for defendants-respondents.
BARHAM, Justice.
The Court of Appeal, First Circuit, reversed the trial court and denied plaintiff damages arising out of an automobile accident, finding that plaintiff's contributory negligence was a bar to recovery. 256 So. 2d 752. We granted certiorari.
*32 The accident occurred in the City of Baton Rouge at the intersection of Convention and North Tenth Streets. North Tenth Street is a three-lane one-way north-south artery. Convention Street is an east-west artery which is two-lane and two-way until it passes North Tenth Street. Immediately past the intersection of North Tenth, Convention Street then becomes a one-way two-lane street for westbound traffic. A traffic light regulates the intersection. The northbound one-way traffic on North Tenth Street is further regulated by an ordinance-authorized sign which allows a right turn on a red light after yielding.
The plaintiff Weber, proceeding north on North Tenth Street, was faced with a green light which turned red before he began executing his turn. We find as a matter of fact that he began the execution of his turn without stopping. The only vehicle Weber saw on Convention Street before beginning the execution of his turn was a car driven by a Miss Schmidt which was stopped for the traffic light in the westbound traffic lane. The defendant Culotta had been proceeding in the westbound lane of Convention Street at about 40 miles per hour when he attempted to pass Miss Schmidt's car. The traffic signal had turned to green when the defendant pulled into the eastbound lane for his passing movement.[1] See Weber's car entering the eastbound lane, Culotta slammed on his brakes and left skid marks of approximately 44 feet to the point of collision. From the testimony of the defendant and the investigating officer, and considering the speed of the vehicle and the skid marks it left, we conclude that the defendant had entered the left lane of Convention Street at least 150 feet from the intersection.[2]
Weber, who did not stop before turning into Convention, failed to see the Culotta automobile until after he was committed to his turning movement and at a time when the collision seemed inevitable. The Weber vehicle skidded six feet to a point where it protruded approximately four feet into the intersection and the point of collision. Weber postulates that the Culotta vehicle turned quickly out from behind the stopped Schmidt car, and says that this is why he did not observe the Culotta automobile in the eastbound lane of travel before he turned. However, we find this is not so, for the Culotta vehicle was committed to the passing movement for approximately one-half block.
It is conceded that the defendant Culotta was in violation of R.S. 32:76(A)(2) for attempting to pass within 100 feet of an intersection, and defendant further concedes that this constitutes civil negligence for which he ordinarily should respond in damages. He urges, however, that plaintiff violated a penal statute, and that under the facts here presented this violation constituted civil contributory negligence which bars the right to damages.
The statute violated by the plaintiff is R.S. 32:232(3)(a). It provides that when the traffic signal is RED or STOP, "(a) Vehicular traffic facing the signal shall stop before entering the cross walk on the near side of the intersection or, if none, then before entering the intersection, and shall remain standing until green or `Go' is shown alone. The driver of a vehicle may turn against a steady red light where a sign indicates this is permissible, provided he has yielded the right of way to other vehicles and pedestrians, and can execute the turn safely". (Emphasis supplied.)
Under the facts as stated, Weber's violation of this statute was a cause-in-fact of the accident. To determine whether this violation is a legal cause establishing contributory *33 negligence, we examine the purpose of the statute and the duty-risk relationship which should be considered in a civil action under the facts of this case.
Although the requirement to yield before turning right on a red light is primarily designed to require the driver to strongly direct his attention to the left for traffic which may be coming legally in the lane which he intends to enter,[3] there is also a duty upon the driver to clear pedestrian walkways. Moreover, even though oncoming traffic would not be expected in the lane which a turning motorist intends to enter, such a driver cannot be oblivious to the traffic situation on the street he enters against the red light. He cannot blind himself to the potentially negligent driver whom a reasonably prudent man should have observed. A primary rule of safety in the operation of a motor vehicle is to observe in the direction in which one is proceeding. The law has never allowed one to assume his pathway is clear.
If plaintiff had stopped and looked, he would have seen the turning movement was inopportune. The civil duty imposed under the statutory scheme of right turn after yielding for a red light also encompasses an obligation to give notice and attention to the traffic on the street in the direction in which the turn is executed. One may know in light of traffic regulations that no car should be in a passing position such as defendant's was. However, plaintiff here had a responsibility to stop, clear the right of way, and yield if necessary before turning right on a red light. He cannot escape this responsibility by assuming that all people who travel with a green light will obey the statutory command not to pass at an intersection.
We granted this writ primarily to examine the correctness of the result because certain language indicated an erroneous application of the law. We were apprehensive that the appellate court had held the plaintiff contributorily negligent merely because of a finding of a cause-in-fact and a statutory violation without a determination of legal cause. We have rejected the concept that a violation of a penal statute automatically constitutes negligence, and we have rejected the terminology "negligence per se".
"* * * Moreover, violation of a criminal statute in combination with some resultant harm does not, in and of itself, impose civil liability. We must determine whether the prohibition in the statute is designed to protect from the harm or damage which ensues from its violation. * * *
"We have repeatedly held that a criminal violation would lead to a civil responsibility only if that act is the legal cause of damage to another. * * *" Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972). See also Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1971).
Our examination of the record brings us to the conclusion that the Court of Appeal judgment is correct. Plaintiff's act was not only a cause-in-fact; it was a legal cause of the accident. Plaintiff is barred from recovery because it was a combination of his and the defendant's violations of duties which created the risk giving rise to the harm of which plaintiff complains.
The judgment of the Court of Appeal is affirmed. All costs are to be paid by the plaintiff.
NOTES
[1] Culotta's passing movement at the green light may have been his response to his anticipation that Convention Street was converted into a two-lane one-way westbound traffic artery immediately past the intersection which the traffic light governed.
[2] Am.Jur.2d Desk Book, Doc. Nos. 172-176.
[3] Because Convention becomes a one-way street going west immediately past this intersection and because North Tenth Street on which Weber was proceeding is one-way north, a driver turning right on red after yielding would not expect a vehicle at all from his left.