FRUGÉ, Judge.
This is an action for property damage as a result of an automobile collision by the insurer as subrogee of its insured for the amount paid under its policy and by the insured for the amount of the deductible portion of the policy. Judgment was rendered in favor of plaintiffs. Defendant has appealed. We affirm.
The accident occurred at about 7:30 P. M. on October 25, 1968, at the intersection of Louisiana Highway 31 and a blacktopped parish road in St. Martin Parish. Louisiana Highway 31 is a two-lane, two-way thoroughfare running north and south between Cecilia and Breaux Bridge, Louisiana. The inferior parish road intersects Louisiana Highway 31 from the west forming a “T” intersection.
Defendant, Belton Richard, was traveling north on Louisiana Highway 31 and intended to execute a left turn at the intersecting blacktopped parish road. Plaintiffs’ insured, Maurice Kidder, was following defendant. Immediately before the accident, the vehicles had traversed a detour road, necessary for construction of an I — 10 overpass. The vehicles had re-entered the main portion of. Louisiana Highway 31 when plaintiff began his passing maneuver. About the time the plaintiff’s vehicle reached the point even with that of the ve- *374 hiele driven by defendant, defendant attempted to execute a left turn and the collision ensued. Plaintiff testified that the intersection was not visible to him at the time he began his passing maneuver. No warning signs of an intersection had been erected by the State Department of Highways nor was there a solid yellow line on the highway prohibiting passing. Plaintiff stated he at no time saw a signal from the defendant indicating a left turn. Defendant testified he checked his rear-view mirror prior to the time he executed the turn, but not immediately before he began executing the turn. Defendant also stated he engaged his signal light approximately 15 feet from the intersection.
It was stipulated that: (1) damages of plaintiff amounted to $554.05; (2) no police report was made at the scene of the accident or thereafter; (3) the subrogee had made payment of $454.05 to its insured; and (4) that the additional $100 was claimed by the insured.
The appellant assigns as error the failure of the trial court to find plaintiff negligent in passing at an intersection. Defendant relies heavily upon the fact that plaintiff violated LSA-R.S. 32:76 in attempting to pass another vehicle within 100 feet of an intersection. LSA-R.S. 32:76, subd. A(2) provides:
“No vehicle shall at any time be driven to the left side of the highway under the following conditions:

“(2) when approaching within one hundred feet of or traversing any intersection or railroad grade crossing;”
The appellant argues that the violation of this statute renders plaintiff negligent per se. The Supreme Court, however, in Webre v. Phoenix Assurance Company of New York, 273 So.2d 30 (La.1973) rejected the terminology “negligence per se”.
The proper approach in determining civil responsibility, or in this case the contributory negligence of plaintiff, is that enunciated in Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972). Under this approach, we must first determine whether the violation of the statute, herein LSA-R.S. 32:76 was a cause-in-fact of the accident.
The violation of the statute by plaintiff was a substantial factor without which the accident would not have occurred. Plaintiffs act, therefore, was a cause-in-fact of the collision. The fact that plaintiff violated the statute and was a cause-in-fact of the collision does not render him contribu-torily negligent, however. In addition to the criminal violation, we must determine whether the act was the legal cause of the collision. In order to determine whether the violation is a legal cause establishing contributory negligence, the purpose of the statute must be examined and the duty-risk relationship considered under the facts of this case. Laird, supra.
We look to the statute as a guideline for fixing civil responsibility. Criminal statutes do not set the rule for civil liability. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1971); Laird v. Travelers Insurance Company, supra. Clearly, the statute in this case was designed to protect motorists from the danger of collisions occurring in the manner in which this one did. The risk, however, in this case was not within the ambit of the duty imposed upon plaintiff.
We reached this determination under the following pertinent facts. The intersection was unmarked and not readily visible. The accident occurred at night. The defendant admitted that he did not engage his signal light until approximately 15 feet before the intersection. Defendant also admitted he did not check the rear of his vehicle immediately before he executed his left turn. These factors indicate to us the trial judge was correct in finding the legal cartse of the collision was the act of the defendant in executing a left turn maneuver at a time when it was unsafe for him to do so.
*375 For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the appellant.
Affirmed.
HOOD, J., concurs in the result.