BAILES, Judge Pro Tem.
This action, together with the companion suit, is to recover judgment for the damage inflicted on the appellee’s (Neese) vehicle. In the companion suit which was consolidated for trial with this action in district court and for argument in this Court, the appellant (Guillory, Sr.) seeks to recover from appellees damages to his vehicle.
The trial court determined that the accident was caused solely by the negligent operation of the Guillory vehicle. Judgment was rendered in favor of State Farm Mutual Automobile Insurance Company in the sum of $2,342.80, and Clifford J. Neese in the amount of $100.00, against George H. Guillory, Sr., George H. Guillory, Jr., and Dixie Auto Insurance Company, in solido. In the companion suit of Guillory v. State Farm Mutual Automobile Insurance Company, No. 10,162 on the docket of this court (310 So.2d 662), the trial court rejected plaintiff’s demands at his cost.
On our finding that the judgment appealed is correct, we affirm.
The accident which gave rise to these actions occurred on Sunday afternoon, July 9, 1972, on four laned U. S. Highway 190 about 1.7 miles east of Livonia in the Parish of Pointe Coupee. Just prior to the accident both vehicles were traveling east, Mr.. Neese returning to his home in Gonzales, Louisiana, and young Guillory, Jr., *661 to Southern University where he was a student.
Shortly after passing Livonia and while driving in the outside or right eastbound traffic lane, Mr. Neese, at the request of his wife, decided to reverse his direction and return to the vicinity of Livonia. Preparatory thereto after determining that it was safe to do so, he crossed over to the left or inside eastbound lane in order to make a left turn at the next cross-over in the median partition or divider in the highway. After changing lanes, Mr. Neese began to slow his vehicle, however because of the nearness of eastbound vehicles to his rear he passed the first crossover and continued in the left lane to the next crossover, a distance of about one-half mile. With his left turn indicator operating, Mr. Neese continued to reduce his speed until he was traveling about 5 mph at the time he reached the crossover and commenced his left turn into the westbound lanes. While moving at about 5 mph and in his left turning movement, his vehicle was struck on the left rear and side by the Guillory automobile.
Young Mr. Guillory, Jr. testified that he was driving in the left eastbound lane about 65 mph when he noticed the Neese camper pull over in his lane. At this time he said the Neese vehicle began to stop. He stated that upon seeing the Neese vehicle, he tried to stop but was unable to do so; that he could not drive to the right because of other vehicles in the right lane nor could he drive to the left because of the median, railing.
The state trooper who investigated the accident testified that he found 120 feet of skid left by the Guillory vehicle and confirmed that the Neese camper was struck on the left rear corner and the Guillory automobile was damaged on the right front and right side. We note from the trooper’s testimony that he arrived at the scene within a matter of a few minutes after the collision and that young Guillory at no time mentioned that Mr. Neese had changed lanes directly in front of him.
Passengers in the Neese vehicle included Mr. Neese’s wife and Mr. and Mrs. Leo Fleniken. Of the passengers, only Mr. Fleniken testified. Mrs. Neese was not present at the trial because of illness and it was stipulated between the parties that no unfavorable inference would be drawn from her failure to testify. It was shown that prior to trial Mrs. Fleniken had died. In all essentials, Mr. Fleniken corroborated Mr. Neese’s description of how the accident happened and of the movement of his vehicle prior to the collision.
While no written reasons for judgment were given by the trial judge, we conclude that he found Mr. Guillory was not attentive to his duties as driver and was not keeping a proper lookout for the presence of the Neese vehicle ahead of him.
In their brief, the appellants are highly critical of the testimony of the trooper because of his inability to recall the investigation of the accident and relied almost entirely on his report as the basis for his testimony. Our conclusion would not be changed by the absence of the trooper’s testimony. The decision herein is not grounded on the trooper’s testimony.
Appellants cite us La.R.S. 32:101 and 32:104 and the case of Wilkinson v. Fidelity & Casualty Company of New York, 244 So.2d 675 (La.App. 4th Cir. 1971). We find Mr. Neese complied with the highway regulatory law and particularly the applicable portions of the cited statutes in attempting to make his left turn. The facts of the cited Wilkinson case are inapposite to the instant case.
It is too well established in our jurisprudence to require citation, that there is a presumption of negligence on the part of the driver of a vehicle which runs into the rear of a lead vehicle. The burden is on the driver of the trailing vehicle to exonerate himself from fault in order to sus *662 tain a recovery. Herein the appellants have failed to meet their burden of proof. See Mayon v. New Amsterdam Casualty Company, 191 So.2d 688 (La.App. 1st Cir. 1966).
For the foregoing reasons, the judgment appealed is affirmed, at appellants’ cost.
Affirmed.