COVINGTON, Judge:
This case arises out of an automobile accident which occurred on January 10, 1973, at approximately 6:00 o’clock A.M. on an overpass bridge on U.S. Highway 11 just north of the city of Slidell in St. Tammany Parish, Louisiana. All three of the vehicles which were involved were travelling in a southerly direction on said highway and the accident occurred on the bridge which was iced over due to freezing weather and light rain.
Judson C. Sims, the driver of the first vehicle, lost control as he descended the overpass bridge and after striking the left side of the bridge, his car was knocked back over and stopped with the rear of the car against the right hand guard rail, bringing his vehicle to rest in a generally east-west direction, completely blocking the south-bound lane and with approximately one foot of his car over into the northbound lane. Mr. Sims had the flasher lights operating on his vehicle. The Sims vehicle was rendered inoperable by the damage and in response to a warning shouted from the bottom (south side) of the bridge, he ran down there to safety because of the fact that another vehicle was approaching.
The second vehicle was operated by the plaintiff, Lawless Comeaux, with his wife, Agnes Comeaux, as a guest passenger therein. It struck the Sims car. A few minutes later, a third vehicle, driven by Richard Wallace, struck both the Comeaux and Sims vehicles.
The plaintiff-appellant brought this action against Sims, his insurer, Allstate Insurance Company, and against Reliance Insurance Companies, the insurer of Wallace. Prior to trial, the action against Reliance was dismissed. Defendant-appellees, Judson C. Sims and Allstate Insurance Companies, answered the petition and filed a reconventional demand against Comeaux for the property damage done to the Sims vehicle.
*818 The trial judge found that both Mr. Sims and Mr. Comeaux were guilty of negligence which contributed to the accident; therefore, he denied judgment on the main demand and his judgment is silent as to the reconventional demand of the defendants. In such instances, it is the settled jurisprudence that it is assumed that the reconventional demand was likewise denied. From that judgment, Co-meaux perfected this devolutive appeal.
Comeaux contends that the trial judge committed manifest error in holding that he was contributorily negligent when all of the evidence revealed that the dangers confronting him were not reasonably foreseeable and were therefore, unavoidable. He argues in his brief that the record is devoid of any testimony suggesting that any of the drivers involved were aware of the iced roadway. However, Mr. Comeaux testified on cross examination as follows; Tr. 87:
“Q. I believe you had lived up in Chicago for some time, hadn’t you?
A. Yes, sir.
Q. And you were familiar with driving on bridges from your experience in Chicago, weren’t you ?
A. Yes, sir.
Q. When you got on that bridge, as soon as you got on the bridge you realized that there was ice on the bridge, didn’t you ?
A. Well, I realized when I had it on my car and the way it was traveling I knew there had been rain on that bridge and I knew they had ice on the bridge.
2. As soon as you got on the bridge you knew there was ice on the bridge ?
A. Yes, I felt that.”
The trial judge in his written reasons for judgment stated that:
“The court also believes that Comeaux was negligent. He knew the bridge was iced when he went on it and he realized the danger. He testified the speed at which he travelled was a speed necessary to get him to the crest of the bridge. Yet, after observing the wreck, he knew enough of icing conditions to know that he could not even apply his brakes to attempt to stop because his vehicle would have gone into a slide. Even at the speed he was travelling, on the downhill incline in the ice it would be speculation to attempt to ascertain how far it would have taken him to stop.”
Obviously, it does not necessarily constitute negligence for a person to go up on an iced bridge. Many factors, including the design of the structure and the speed of the vehicle, enter into the determination of the reasonableness of the driver’s actions. However, in this case, the trial court could validly find from the testimony adduced, including Comeaux’s own testimony, that he was contributorily negligent; as a reviewing court we must give great weight to the factual conclusions of the trier of facts and reasonable inferences of fact should not be disturbed upon review; Canter v. Koehring, 283 So.2d 716 (La. 1973).
In a supplemental trial memorandum the counsel for Comeaux contended that Sims was negligent per se because of his violation of particular portions of the Louisiana Highway Regulatory Act and specifically R.S. 32:64 A, 32:141 A and B. These have to do with control of the vehicle, lack of visibility and obstruction of more than one-half of the roadbed (the testimony had indicated that the Sims vehicle extended into the north-bound lane of traffic a distance not in excess of one foot).
The violation of a penal statute does not automatically constitute negligence. Reference may be had to the penal statute, however, in determining the rea *819 sonableness. of a person’s behavior under existing circumstances; Weber v. Phoenix Assurance Co. of New York, 273 So.2d 30 (La.1973).
The defendants have neither appealed nor answered the appeal; therefore, the denial of recovery on the reconventional demand is final.
Accordingly, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.