356 So.2d 466 (1977)
Floyd D. TIDWELL
v.
OCEAN SYSTEMS, INC., et al.
No. 11600.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
*467 Harold J. Lamy, New Orleans, for plaintiff and appellant.
Donald T. Carmouche, Donaldson, Huntington B. Downer, Jr., Houma, for defendants and appellants.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
Plaintiff, Floyd D. Tidwell, brought this action[1] for personal injuries resulting from a motor vehicle accident which occurred on U. S. Highway 90, in Assumption Parish[2], Louisiana, on November 12, 1974, at about 3 o'clock P. M. Plaintiff's automobile collided with a tractor-trailer driven by Wilbur Francis, an employee of Ocean Systems, Inc.
Ocean Systems, Inc., and its insurer, Home Indemnity Co., was sued for damages. The plaintiff also joined J. B. Talley and Co., Inc., which was constructing the highway on which the accident occurred, and its insurer, Chicago Insurance Company.[3]
After trial by jury, there was a verdict adverse to the plaintiff, with the jury answering interrogatories to the effect that the proximate cause of the collision was the negligence of the plaintiff. Thereafter, the trial judge rendered judgment on the verdict in favor of defendants, Ocean Systems, Inc., and Home Indemnity Co.[4] The plaintiff has appealed this judgment. We affirm.
The accident in question occurred as both of the vehicles involved were proceeding in an Easterly direction. The Tidwell automobile had been following the tractor-trailer for about two miles. Just prior to the accident, plaintiff said, he was going 30-40 M. P. H. and about three car lengths behind the tractor-trailer. Plaintiff's version of the accident was that the driver of the tractor-trailer suddenly lost control of his vehicle, and that the trailer truck struck the left front bumper of Mr. Tidwell's automobile in the following manner: the tractor-trailer began to stop because the van truck in front of him stopped; and as it was stopping, it jack-knifed, with the tractor going off on the right side of the road, and the trailer first going into the opposite lane of traffic, and then whipping back into plaintiff's lane, striking plaintiff's automobile after plaintiff had stopped, with the right rear wheel of the tractor-trailer hitting plaintiff's car.
Defendant Ocean Systems's version is that its employee, Francis, was in the process of stopping his vehicle because the vehicle in front of him was stopping, and that he would have successfully stopped if plaintiff's automobile had not run into the right rear of the trailer.
From the jury's verdict and its response to the interrogatories, it is apparent that the jury accepted the defendant's version that the Tidwell automobile struck the rear *468 of the trailer as its driver was bringing his vehicle to a stop behind a preceding vehicle which had stopped.
The findings of the trier of fact are not to be disturbed on appeal in the absence of manifest error. Under the evidence reasonably found credible by it, the trial jury could properly find that plaintiff struck the rear of the defendant's vehicle, because he was following the preceding tractor-trailer too closely. As a general rule, when a following vehicle collides with the rear of the preceding vehicle, the following motorist is presumed to be at fault, and he bears the burden of exculpating himself from the inference of negligence. See LSA-R.S. 32:81.
After a careful review of the records and a study of the applicable law, we conclude that the jury's verdict is reasonably supported by the credible evidence in the record. We find no manifest error.
For the foregoing reasons, the trial jury's verdict and trial court's judgment in accordance therewith are affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] Leslie Schoenstein was joined in the suit as a party plaintiff; however, he had also filed a suit against Floyd D. Tidwell and Tidwell's insurer in Terrebonne Parish. When the suit came on for trial, Schoenstein was deleted as a plaintiff in this suit and the suit proceeded with Tidwell as the only plaintiff, and the consolidated cases were severed.
[2] The suit was originally filed in Assumption Parish; on joint motion of all parties, it was transferred to the Thirty-Second Judicial District Court, Parish of Terrebonne, for consolidation with Schoenstein's suit.
[3] Prior to submission of the case to the jury, the plaintiff dismissed his suit against defendant Talley and its insurer, with prejudice.
[4] The defendants had filed third-party demands and they were dismissed in the trial court's judgments.