357 So.2d 838 (1978)
Joanne JONES
v.
Delores MEINKE et al.
Mrs. Lynell ALLEN et al.
v.
Belinda MEINKE et al.
No. 8863 Consolidated with No. 8864.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Carl & Roussell (Robert T. Hughes), New Orleans, for Joanne Jones, plaintiff and appellant.
Kernan A. Hand, Kenner, for Lynell Allen, Ronald Allen, Joyce Allen & Theresa Green, plaintiffs and appellants.
Porteous, Toledano, Hainkel & Johnson (Henry Leon Sarpy), New Orleans, for Cumis Ins. Society, defendant and appellee.
*839 Christovich & Kearney (W. K. Christovich), New Orleans, for Delores Meinke, Belinda Meinke & Old Reliable Fire Ins. Co., defendants and appellees.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
GARSAUD, Judge.
These consolidated cases arose as a result of a two-car accident on Causeway Boulevard between Jefferson Highway and Airline Highway on October 5, 1975 at approximately 10:45 P.M. The accident occurred when the vehicle driven by Mrs. Lynell Allen, one of the plaintiffs, was struck from the rear by the vehicle driven by Belinda Meinke and owned by her mother, Delores Meinke. Plaintiffs-appellants Joyce Allen, Theresa Green and Joanne Jones were passengers in the Allen automobile. As a result of the accident, the Allen vehicle was completely destroyed and all the occupants were injured. Plaintiffs Lynell Allen, Joyce Allen and Theresa Green brought suit against Belinda Meinke and her insurer, Old Reliable Fire Insurance Company. Joanne Jones brought suit against Delores Meinke, Belinda Meinke and their insurer, Old Reliable Fire Insurance Company, and against Lynell Allen, the driver of the first vehicle, and her insurer, Cumis Insurance Society.
The cases were consolidated for trial, after which judgment was rendered in favor of all defendants, dismissing plaintiffs' suits at their cost. The trial court concluded that the accident occurred solely as the result of the action of an unknown third party not joined in this suit. All plaintiffs have appealed.
The essential question herein is whether the defendant was able to exonerate herself from the presumption of negligence as an operator of the following vehicle involved in a rear-end collision by showing that the accident occurred as the result of a sudden emergency which prohibited her completely executing a maneuver which was designed to avoid and could have avoided the collision.
The initial inquiry in any rear-end collision must begin with the provisions of R.S. 32:81, which states, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." As the courts of this state have established, a presumption of negligence or a presumption of a breach of the standard of conduct imposed by the statute arises when a motorist strikes the rear of a preceding vehicle. The following motorist must then overcome the respective presumption. Eubanks v. Brasseal, 310 So.2d 550 (La.1975); Leftwich v. Molony, 322 So.2d 438 (La.App. 4th Cir. 1975); Neese v. Guillory, 310 So.2d 660 (La. App. 1st Cir. 1975); Layfield v. Altazan, 255 So.2d 363 (La.App. 1st Cir. 1971).
We now apply these rules to the facts of this case.
The defendant Meinke's version of the accident is that as she came out of the turn on the overpass from Jefferson Highway onto Causeway Boulevard, she first spotted the plaintiff Allen's car in front of her in the right lane approximately two car lengths ahead. She then followed the car on the flat-surface road that is found immediately before the incline to the major overpass on Causeway Boulevard at its intersection with Airline Highway. At that point both cars were moving at about 30-35 m. p. h. According to the defendant, as a result of the Allen car slowing or stopping, she closed the gap to within about a car length, at which time she signalled to move into the left lane, which she proceeded to do, and which she testified she could have done without any difficulty. It was at this moment that an object which was thrown from the side of the road hit the Meinke windshield, completely shattering it. At this instant the defendant was unable to see and attempted to apply her brakes, after which she collided with the Allen vehicle.
The plaintiffs' testimony is that Lynell Allen was travelling along at a steady rate of speed at about 30 miles an hour, and was struck from the rear. None of the plaintiffs *840 believe that Lynell Allen slowed or stopped; and she denied doing so. However, two plaintiffs, including the driver of the forward vehicle, Lynell Allen, testified that something had hit their car at the very same point on Causeway Boulevard at which the Meinke car also was hit by some object. Evidence in the record also indicated that a petition filed in a subrogation action by her insurer alleges that Lynell Allen had slowed her car as a result of its being struck by some foreign object. On cross-examination, she was unable to recall advising her insurer of this fact.
Further testimony of plaintiffs' witnesses which is of relevance indicates that while the parties in the first car were engaged in conversation, the plaintiff in the passenger seat, Ms. Jones, looked back and saw the defendant's vehicle about 15 car lengths away proceeding "sort of fast." She also indicated that at this point the car was straddling the center line. At this moment Ms. Jones exclaimed something about the rear vehicle. This caused passenger Green to look back and her testimony was that she felt that the car was not proceeding very fast and felt that they were in no danger. Ms. Jones herself testified there was no reason why the following vehicle could not move into the left lane, and she felt that they were in no danger.
Under R.S. 32:81, the requirement is, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." As there were no other cars on the highway (the evidence is unanimous on this) and the evening was clear, defendant Meinke was not following plaintiff's vehicle more closely than was reasonable and prudent, especially since she was in a position to execute a maneuver which would have permitted her to safely pass the plaintiff's vehicle. The defendant was confronted with a sudden emergency over which she had absolutely no control, and there was nothing more she could do that she failed to do, or no other duty owed to the plaintiff that she did not meet. Defendant's reasonable expectation under these circumstances, on seeing the forward vehicle slow down, was that she would be able to pass on the left without any difficulty. Apparently this was a normal maneuver, as the defendant was following plaintiff's car at a reasonable distance, and when she noticed the space was closing between the two, either because the plaintiff's car slowed down or for some other reason, she executed the normal change-of-lanes maneuver in order to pass the plaintiff's vehicle. She admits that if she had continued on, she would not have been able to stop timely, as the plaintiff's vehicle was either stopped or coming to a stop. However, there was a safe maneuver still available to her to avoid any collision, which she proceeded to undertake. It was at this moment that an object thrown by an unknown third party struck her vehicle, which caused the accident. There was no manifest error in the trial court's conclusion that the primary cause of the accident was the unknown third party and that the defendant overcame the presumption of negligence, and we sustain that finding. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976).
A second issue which must be resolved is the suit by plaintiff Joanne Jones, a passenger in the Allen vehicle, who contends that as an innocent third party she is entitled to recovery under the rule of Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970), wherein it was held that when an innocent third party is injured as a result of the concurrent acts of two parties under circumstances where one or the other must have been at fault, the burden of proof is shifted to those parties to exculpate themselves from negligence. It is our view in this regard that under these circumstances there has been no showing that one of the drivers must have been at fault. We believe the applicable rule here was stated in Michel v. State Farm Mutual Automobile Insurance Co., 314 So.2d 535 (La.App. 1st Cir. 1975):
"[O]ne of the elements of proof required to invoke the rule is that plaintiff prove *841 facts and circumstances that show one or the other of the defendants must be at fault, a finding of negligence on the part of at least one defendant is mandated by logic. . . . In no case can a trial court find that both defendants exculpated themselves, because it is basic to an application of the rule that one or the other of the parties must have been at fault. If both parties were innocent, then the rule was not applicable in the first place." 314 So.2d at 538, 539.
We have already concluded that the defendant Meinke was not negligent in this incident, and it is clear that the defendant Lynell Allen, under either version of the testimony (i. e., that she never slowed down, or that she slowed down due to objects hitting her car) was not negligent. This case is simple, really: the accident would not have occurred if it were not for the unfortunate incident of objects being thrown at the vehicles. Neither driver could have anticipated this, and neither was negligent.[1]
For these reasons, the decision below is affirmed.
AFFIRMED.
NOTES
[1] There is some evidence to indicate that earlier in the evening, objects had been thrown at the Meinke vehicle when it was proceeding on Causeway Boulevard at the same area, but in the opposite direction. However, there is no specific proof showing that objects were in fact thrown, nor is there anything to indicate that she should have anticipated these actions to continue to the time she returned on Causeway Boulevard.