GULOTTA, Judge.
We find no error in the trial court’s judgment awarding plaintiff $1,356.00[1] in an automobile damage suit and dismissing defendant’s reconventional demand.
Plaintiff’s version of the accident is as follows. At about midnight on September 2, 1977, Gerald Williams, the plaintiff, was driving in a westerly direction in the left lane, the one nearer the median, on the up-ramp of the North Claiborne Avenue Industrial Canal bridge.[2] An automobile traveling ahead of him in the left lane suddenly veered to the right to avoid striking defendant’s automobile which was stopped in the left lane. Plaintiff, who was traveling approximately 25 miles per hour, also attempted to veer to the right but could not do so because of following traffic. He applied his brakes but rear-ended defendant’s vehicle. According to plaintiff and his guest passenger, the lighting on the bridge was not very good and defendant had no brake or warning lights in operation at the time of the collision.
Leon Schommer, on the other hand, testified that his car had stalled in the left lane after it had stopped in front of the cross *489 bar when the drawbridge was in the “up” position to allow marine traffic to pass in the canal. When the bridge came down and traffic resumed, defendant tried unsuccessfully for a few minutes to start his car before being rear-ended by plaintiff. He stated that he had not left his vehicle at any time and, although his headlights were out, he had kept his foot on the brake pedal to illuminate his brake light as he attempted to start the vehicle. According to Schommer, the lighting on the bridge was good and several cars had passed him safely prior to the collision.
Although reasons for judgment were not assigned by the trial judge, it is clear that he accepted plaintiff’s version of the accident and rejected defendant’s version. From our consideration of the record we cannot say the trial judge erred. Plaintiff’s testimony that defendant’s automobile had no lights on was corroborated, to some extent, by a stipulated police report indicating that shortly before the collision an off-duty police officer had observed defendant’s vehicle abandoned in the left lane, unattended and without lights. According to the police report, the vehicle “was in a very dangerous position and hard to see.” A tow wagon was requested by this officer but the accident occurred before its arrival.[3] This report contradicts defendant’s testimony that his brake lights were operating and he had never left his vehicle. Plaintiff’s guest passenger also corroborated Williams’ testimony that the defendant’s vehicle had no brake or warning lights on at the time of the accident.
Although there is a presumption that a rear-ending motorist is negligent,[4] we conclude as apparently did the trial judge, that plaintiff overcame the presumption. Accepting plaintiff’s version, corroborated, to some extent, by the police report and the testimony of the guest passenger in plaintiff’s car, Williams was confronted with a sudden emergency. After unsuccessfully attempting to veer into the right lane to avoid hitting the stopped vehicle, plaintiff was unable to avoid hitting the unlit Schommer vehicle. Under these circumstances we cannot conclude that plaintiff’s actions were unreasonable or that he failed to do that which he should have done. We conclude therefore that plaintiff was not guilty of failing to avail himself of the last clear chance to avoid the accident.
While the primary thrust of defendant’s argument in this appeal is directed against the court’s liability determination, Schommer complains of the awards made to plaintiff other than the award for damage to the vehicle in the sum of $834.50. We reject this contention. Plaintiff testified that he injured his knee in the accident and it was a “little sore the next day.” Williams testified also that he was deprived of the use of the automobile for approximately three days. He described the inconvenience resulting from having the automobile repaired. Furthermore, the testimony regarding the depreciation of an automobile after it has been wrecked and the appraisal fee cost were uncontradicted. Under these circumstances we cannot say that the general damage award in the sum of $200.00, the inconvenience and loss of use award in the sum of $100.00, the depreciation award in the sum of $200.00, and the $22.50 appraisal fee constituted an abuse of the trial court’s discretion.
Accordingly, the judgment is affirmed.

AFFIRMED.

. The $1,356.00 award comprised the following: $200.00 in general damages; $834.50 in damage to vehicle; $100.00 for inconvenience due to/and loss of use of vehicle; $200.00 for depreciation of vehicle; and $22.50 for an appraisal fee.

. This draw bridge, known as the Judge Seeber Bridge, consists of four lanes, two in either direction separated by a median.

. A tow-truck arrived on the accident scene before an investigating officer. It is undisputed that defendant was in his vehicle at the time of the collision.

. LSA-R.S. 32:81 provides:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
Jurisprudence interpreting this statute has established a presumption of negligence or breach of the statute when a motorist strikes the rear of a preceding vehicle. Eubanks v. Brasseal, 310 So.2d 550 (La.1975); Jones v. Meinke, 357 So.2d 838 (La.App. 4th Cir. 1978); Leftwich v. Molony, 322 So.2d 438 (La.App. 4th Cir. 1975).