401 So.2d 1022 (1981)
Dawn Kelner ANDERSEN, wife of/and Hampton Aubrey Andersen
v.
Robert CRAIG, et al.
No. 11965.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
Rehearing Denied August 17, 1981.
*1023 Reuter & Reuter, Arthur C. Reuter, Jr., New Orleans, for City of Kenner, defendant-appellee.
James C. Dixon, Dept. of Public Safety, Baton Rouge, for Dept. of Public Safety, Office of State Police, defendant, appellee.
Carl O. Brown, Jr., New Orleans, for Dawn Kelner Andersen, w/o and Hampton Aubrey Andersen, et al., plaintiffs-appellants.
Crawford, Goldsmith & Holdridge by Gordon R. Crawford, Guy Holdridge, Gonzales, for Robert Craig, appellant.
Before BOUTALL, BARRY and KLEES, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court awarding damages to the plaintiffs for the personal injuries they received in a rear-end automobile collision.
*1024 On or about July 3, 1970 at approximately 5:30 P.M. Dawn Andersen was driving her automobile, accompanied by her husband and their two minor children, in a westerly direction on U. S. Highway 61 (better known as Airline Highway) in the far right lane. After passing the crest of the overpass on the highway near New Orleans International Airport, Mrs. Andersen was forced to stop her automobile approximately one-half of the way down the overpass due to a traffic buildup. This tie-up was allegedly caused by an investigation being conducted by the State Police and the Kenner Police of an accident involving an automobile and a pedestrian which had occurred in the eastbound lane of the highway approximately 1/10th of a mile ahead. Thereafter, within a matter of seconds, the automobile being driven by Andersen was struck from the rear by an automobile being driven by Robert Craig thereby causing Mrs. Andersen and her family to sustain personal injuries. Subsequently, Mrs. Andersen and her husband individually and on behalf of their two minor children filed suit to recover damages for their personal injuries sustained in the accident. Named as defendants were Craig, as the driver of the auto causing the collision, R. J. Dupont (a police officer for the City of Kenner), the City of Kenner and the State of Louisiana through the Department of Public Safety, Office of State Police for their alleged negligence in causing the traffic build-up which allegedly caused and/or contributed to the accident. Craig answered and alleged that Mrs. Andersen was contributorily negligent. Dupont and the City of Kenner answered denying owing any liability as they were not at the scene of the first accident and therefore, not responsible for the traffic build-up.
Upon trial of the matter the lower court entered judgment awarding damages to the plaintiffs and against the defendant Craig finding that the gross negligence of the latter was the cause of the accident. The remaining defendants were dismissed. The damage awards were as follows: $2394 to Hampton Andersen; $750 to Dawn Andersen; $250 to Tiffany Andersen and $100 to Cynthia Andersen. From this judgment both the plaintiffs and Craig have appealed devolutively.
On appeal the only issue presented for consideration is whether the defendants Craig, the City of Kenner and the State of Louisiana are liable for their alleged negligence in causing and/or contributing to the accident which resulted in personal injuries to the plaintiffs.
The plaintiffs contend that the City of Kenner and the State of Louisiana were at fault in two ways: 1.) the policeman on behalf of the state and the City of Kenner respectively, created a hazardous condition by permitting traffic to build up on the overpass on Airline Highway in the course of their accident investigation which either caused or contributed to the rear-end collision suffered by the plaintiffs; 2.) Also, these two defendants were negligent in failing to warn motorists of the traffic build-up on the Baton Rouge side of the overpass which could not be seen by a west bound motorist.
Regarding the liability of the City of Kenner the evidence indicates that there is a dispute as to whether the Kenner policeman was even present at the investigation of the first accident which allegedly created the traffic tie-up. If there were no Kenner policemen present then the City could not be liable under the contentions made by the plaintiffs. Officer Ray Dupont of the Kenner Police Department who investigated the accident involving the plaintiffs testified that none of his brother officers were present at either the investigation or traffic control of the first accident. He further indicated that he was the first Kenner unit to arrive on the scene. The only police representatives present at the scene of the first accident were from the State. Conversely, Mr. Andersen, who was a passenger in one of the autos involved in the second accident, testified that both the State and Kenner police were present at the scene of the first accident and were participating in traffic control. His statements were corroborated by the testimony of his wife *1025 Dawn Andersen who was the driver of the car in which he was a passenger.
Following the conclusion of the trial in this matter the trial court determined that the City of Kenner was not liable for the damages sustained by the plaintiffs. The court apparently resolved the dispute as to the presence of the Kenner Policeman at the scene of the accident in favor of the City. Upon a review of the record in this matter we find that the determination made by the trial court was not manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Our finding is supported by our belief that the credibility of the testimony given by the Andersens is in doubt. In the course of the testimony given by Mr. Andersen at trial he was asked on two different occasions whether the Kenner police were present at the scene of the first accident. At first he indicated that the Kenner police were present at that time but he later said that he wasn't sure. With respect to Mrs. Andersen, she testified that she didn't know the difference between a Kenner or State policeman and further that she didn't care about the first accident but was more interested in the one in which she was involved.
With respect to the liability of the State of Louisiana as to the contentions raised by the plaintiffs, the trial court determined that there was no actionable negligence on the part of the State. Therefore, the State was not held liable for the damages sustained by the plaintiffs. Upon consideration of the evidence in this matter we find that this determination contains no manifest error and furthermore there is no indication of an abuse of discretion by the trial court. Canter v. Koehring Company, supra; Arceneaux v. Domingue, supra; we further find that there was not enough evidence presented by the plaintiffs to establish any fault on the part of the State police. The record indicates that the first accident in the east bound lane of Airline Highway occurred at approximately 5:10 P.M. and that the second accident happened at approximately 5:23 P.M. In view of the proximity in time of the two accidents it appears to us that there was no time for the State police to post a warning signal to west bound motorists at the top of the overpass on Airline Highway. Considering the time and place of the accident, it appears reasonable to conclude that the police were fully occupied trying to contend with the circumstances surrounding the first accident. The primary focus of their attention must be on the safety of those involved in the first accident. There is no showing that there were enough State troopers present to post such a warning and handle their primary duty also. We believe that a police agency cannot be expected to cover all possible dangers that may result in the course of an accident investigation. To place such a burden on the State would not only be physically impossible but also financially impossible, and if it could be achieved, it would require a police force many times larger than the one presently in operation. Finally, we believe that the State troopers acted in a reasonable manner under the circumstances.
Our final consideration in this matter is the liability of Craig. He contends that he was not negligent in causing the accident with the plaintiffs because he was operating his vehicle in a legal manner when he was confronted with an unexpected stopped vehicle in his lane.
The Louisiana Highway Regulatory Act contained in Title 32 of the revised statutes provides various rules of law regulating both the speed of motor vehicles and the following of vehicles. LSA-R.S. 32:64(A) indicates that:
"A. No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto."
With respect to following vehicles LSA-R.S. 32:81(A) states:

*1026 "A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
Both of these statutes place a burden upon the driver of a motor vehicle to use reasonable and prudent care in operating his vehicle. The jurisprudence interpreting the second of the two statutes indicates that it was "designed to require the motorist to make an assessment of the conditions and circumstances and to maintain a distance behind the vehicle which is reasonable". Leftwich v. Molony, 322 So.2d 438 (La.App. 4th Cir. 1975). Moreover, it is well settled that a presumption of negligence is imposed upon a motorist who strikes the rear of a preceding vehicle and he bears the burden of overcoming this presumption. Jones v. Meinke, 357 So.2d 838 (La.App. 4th Cir. 1978); Tidwell v. Ocean Systems, Inc., 356 So.2d 466 (La.App. 1st Cir. 1977).
The evidence before us indicates that the plaintiffs were stopped on the overpass on Airline Highway approximately 100 to 200 feet from the crest when they were struck almost immediately from the rear by the car being driven by Craig. Both Mr. and Mrs. Andersen testified that the collision occurred within 10 to 15 seconds after they had stopped on the overpass. The police report indicates that there were 71 feet of skid marks left by the vehicle being operated by Craig. The testimony reveals that the impact of the collision propelled the plaintiff's vehicle into two other vehicles which were immediately in front of them thereby indicating that Craig, despite his attempts to stop was still traveling at a high speed. The testimony further reveals that all of the other vehicles on the overpass and below this area were able to stop without causing a collision. Following the conclusion of the trial in this matter the lower court determined that the accident was caused by the gross negligence of Craig.
Upon a review of the record in this matter we find that there was no manifest error in the trial court's determination of liability as to Craig. The evidence before the trial court furnished a reasonable factual basis for its finding. Canter v. Koehring Company, supra; Arceneaux v. Domingue, supra. We believe that the defendant has failed to overcome the presumption of negligence that is applied in an accident of this type. It appears to us that Craig was not using the statutorily required degree of reasonableness and prudence for following vehicles when the collision occurred with the plaintiffs. Although the trial judge did not specify the reasons for his conclusion of gross negligence, the evidence would support a finding of following too closely, keeping an improper lookout ahead, speeding, or any combination of the three.
Finding defendant Craig negligent and the other defendants not negligent, we affirm the judgment as to both appeals.
AFFIRMED.